Lekocaj v. Barr

BIA
Christensen, IJ
A206 189 345

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of October, two thousand twenty.

PRESENT:
        PIERRE N. LEVAL,
        ROBERT D. SACK,
        RAYMOND J. LOHIER, JR.,
           *Circuit Judges.*

_____

ARJANE LEKOCAJ,
        *Petitioner,*

        v.

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

18-2773
NAC

| FOR PETITIONER: | Michael P. DiRaimondo, Marialaina L. Masi, Stacy A. Huber, DiRaimondo & Masi, PC, Bohemia, NY. |
|---|---|
| FOR RESPONDENT: | Matthew A. Connelly, Senior |

Litigation Counsel, Lisa M. Arnold, Senior Litigation Counsel, Office of Immigration Litigation, *for* Ethan P. Davis, Acting Assistant Attorney General, Civil Division, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Arjane Lekocaj, a native and citizen of Albania, seeks review of an August 16, 2018 decision of the BIA affirming an August 16, 2017 decision of an Immigration Judge ("IJ") denying Lekocaj's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lekocaj,* No. A 206 189 345 (B.I.A. Aug. 16, 2018), *aff'g* No. A 206 189 345 (Immig. Ct. N.Y. City Aug. 16, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018); *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013).

2

*Agency's Jurisdiction*

Relying on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), Lekocaj first argues that her notice to appear ("NTA") was insufficient to confer jurisdiction because it did not include a hearing date or time. This argument is foreclosed by our decision in *Banegas Gomez v. Barr*, in which we held that *Pereira* does not "void jurisdiction in cases in which an NTA omits a hearing time or place" and that "an NTA that omits information regarding the time and date of the initial removal hearing is nevertheless adequate to vest jurisdiction in the Immigration Court, at least so long as a notice of hearing specifying this information is later sent to the alien." 922 F.3d 101, 110, 112 (2d Cir. 2019). Lekocaj's NTA did not specify the time and date of her hearings, but she does not dispute that she received a hearing notice supplying the omitted information. The immigration court thus had jurisdiction. *Id.* at 112.

*Credibility*

Lekocaj also challenges the agency's adverse credibility determination. The agency may, "[c]onsidering the totality of the circumstances . . . base a credibility determination on the demeanor, candor, or responsiveness of the applicant,"

the "inherent plausibility" of her account, and inconsistencies in her statements or between her statements and other evidence, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. The agency's adverse credibility determination here is supported by substantial evidence.

The agency reasonably relied on discrepancies between Lekocaj's application and her testimony. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). At the hearing, she testified that a group of people sped at her with a car outside her school library, nearly hitting her, and warned her that "next time" she would be "r[u]n over . . . like an insect." Certified Administrative Record ("CAR") at 88. The agency reasonably concluded that the omission of this event from Lekocaj's application undermined her credibility because it was one she would reasonably be expected to include. This was the sole incident in which she claimed to have been in imminent

4

physical danger, and she claimed that this incident, in conjunction with her father's beating a day earlier (about which she did provide specific details in her application), prompted her decision to seek asylum. *See Hong Fei Gao*, 891 F.3d at 78–79 ("[I]n assessing the probative value of the omission of certain facts, an IJ should consider whether those facts are ones that a credible petitioner would reasonably have been expected to disclose under the relevant circumstances."); *cf. Pavlova v. INS*, 441 F.3d 82, 90 (2d Cir. 2006) (noting that "asylum applicants are not required to list every incident of persecution [in] their [applications]," and finding error in agency's reliance on omissions where application "described . . . persecution in general terms, mentioning no specific incidents"). Lekocaj also presented inconsistent accounts of abuses against her father in her application and testimony. In her application she asserted that her father was threatened, "cursed," and "pressure[d]" prior to the election and beaten by a group of three men after the election. CAR at 309. But at her hearing she testified that her father was also beaten unconscious by a group of masked men prior to the election. Contrary to Lecokaj's argument that her testimony merely supplemented her

application, the testimony conflicted with her prior characterization of the abuses against her father in the period leading up to the election.

The agency also reasonably relied on omissions from the first letter from Lekocaj's father. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Hong Fei Gao*, 891 F.3d at 81 (noting that "an omission by a third party may form a basis for an adverse credibility determination"). In that letter, dated March 2015, her father recounted being threatened and beaten prior to the June 2013 election, and claimed that these events left him convinced that his family would suffer "political retaliation" and that his daughter would be "denied any right and her life." CAR at 248–49. His letter did not mention a second beating after the election or that Lekocaj was threatened by a speeding car the following day, even though he would reasonably be expected to disclose both of these events in a letter explaining why be believed Lekocaj was unsafe in Albania. *See Hong Fei Gao*, 891 F.3d at 78–79.

The agency was not required to accept Lekocaj's explanations for the omissions in her application and her father's letter because her explanations did not make sense. In attempting to explain the omission of her father's pre-

6

election beating from her application, she claimed that she believed that only the most recent incidents were relevant, that her father would include this event in his statement, and that she would be able to provide "more details" during her hearing. CAR at 82. But Lekocaj also omitted the most recent event from her statement, she included other events that were included in her father's first letter, and she provided more detail about less probative events. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)). Lekocaj claimed that she asked her father to provide a supplementary letter because his first letter was focused on events decades in the past, but this does not explain why his first letter included the pre-election events of June 2013 but excluded events a few weeks later.

Having questioned Lekocaj's credibility, the agency reasonably relied on her failure to rehabilitate her testimony with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may

7

bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). As the agency noted, portions of Lekocaj's father's second letter were identical to her mother's letter, and in the identical portions, both of her parents claimed that she called "me" following the incident with the car. CAR at 259, 275. The agency reasonably declined to credit the letters based on the similarities and resulting inconsistency. *See Singh v. BIA*, 438 F.3d 145, 148 (2d Cir. 2006) (reasoning that "nearly identical language" in affidavits from purportedly different authors in support of the same application undermined petitioner's credibility). It was not required to accept Lekocaj's explanations that her parents may have written the letters together or similarities may have been the result of the translation, or that her father merely meant that he had listened to Lekocaj's call to her mother. *See Majidi*, 430 F.3d at 80. The agency also reasonably gave diminished weight to a letter from Lekocaj's friend because the friend was unavailable for cross-examination. *See Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010) (finding that

8

unsworn letters from the applicant's friends and family did not provide substantial support for the applicant's claims because they were from interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133–38 (2d Cir. 2012); *see also Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's decision to give little weight to letter from applicant's spouse in China). The letter from the Democratic Party did not corroborate the threat against Lekocaj or her father's July 2013 beating, even though it discussed Lekocaj's role in the party, threats against her father, and his June 2013 beating. And the expert report concluded that Lekocaj's allegations were consistent with the country conditions, but the expert did not claim to have any personal knowledge of the specific events underlying Lekocaj's claim.

Given the significant discrepancies between Lekocaj's testimony, her application, and her father's first letter, as well as the lack of reliable evidence to corroborate her most significant allegations, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167.

Because all of her claims were predicated on the same discredited testimony, that determination is dispositive of all forms of relief. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court